1   BLAKE J. RUSSUM (SBN 258031)
    ROPERS, MAJESKI, KOHN & BENTLEY
2   1001 Marshall Street, Suite 500
    Redwood City, CA  94063-2052
3   Telephone:   (650) 364-8200
    Facsimile:   (650) 780-1701
4   Email:       pamela.cogan@rmkb.com
                 blake.russum@rmkb.com
5
    Attorneys for Defendant,
6   SAFECO INSURANCE COMPANY OF
    AMERICA
7

8                          UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11  JOGINGER S. SIDHU and HARMINDER         CASE NO.
    SIDHU,
12                                          (Formerly Alameda County Superior Court
                     Plaintiffss,           Case No.:  HG 18917144)
13
    v.                                      DEFENDANT'S PETITION FOR REMOVAL
14                                          OF CIVIL ACTION UNDER 28 U.S.C.
    SAFECO INSURANCE COMPANY OF             SECTION 1441(b) [DIVERSITY
15  AMERICA,  Corporation,                  JURISDICTION]

16                   Defendant.             DEMAND FOR JURY TRIAL [Fed. R. Civ.
                                            Proc., Rule 38(a)]
17

18       **TO PLAINTIFFS JOGINGER S. SIDHU and HARMINDER SIDHU, AND THE**

19  **CLERK OF THE ABOVE-ENTITLED COURT:**

20       **PLEASE TAKE NOTICE** that Defendant SAFECO INSURANCE COMPANY OF

21  AMERICA ("Safeco" or "Defendant") hereby removes to United States District Court for the

22  Northern District of California the State Court action described below:

23       1.  On August 17, 2017, Plaintiffs JOGINDER SIDHU and HARMINDER SIDHU

24  ("Plaintiffs") filed their Complaint in the Superior Court for the State of California in and for the

25  County of Alameda, Case Number HG18917144, entitled *Sidhu v. Safeco Insurance Company of*

26  *America.*  A true and correct copy of the Summons and Complaint are attached hereto as part of

27  Exhibit "A."

28  ///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    2.    The Summons and Complaint were served on Safeco on August 21, 2018.  The

2    documents set forth in Exhibit "A" constitute all of the process, pleadings and orders received by

3    Safeco.

4    3.    Plaintiffs bring a lawsuit alleging causes of action for breach of contract, breach of

5    the implied covenant of good faith and fair dealing, and bad faith denial of insurance coverage

6    against Safeco. (Exhibit A, Complaint.)

7    4.    A civil action brought in state court of which the federal court has original

8    jurisdiction may be removed to the district court for the district embracing the place where such

9    action is pending. (28 U.S.C. § 1441(a).)  Federal Courts have jurisdiction over controversies

10   before "Citizens of different states" pursuant to 28 U.S.C. Section 1332 (a)(1) and Article III,

11   Section 2, of the U.S. Constitution. (*Navarro Sav. Ass'n. v. Lee*, 446 U.S. 458, 460-61 (1980).)

12   Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of

13   interest and costs, and the parties are citizens of different states. (28 U.S.C. § 1332(a).)

14   "Diversity jurisdiction, including the amount in controversy, is determined at the instant of

15   removal." (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1000

16   (C.D. Cal. 2002).)

17   5.    "This calculation takes into account claims for 'general' damages and 'special'

18   damages (pain and suffering, as well as out-of-pocket loss)." (*Richmond v. Allstate Ins. Co.*, 897

19   F. Supp. 447, 449-450 (S.D. Cal. 1995).)  The removing party "need not predict the trier of fact's

20   eventual award with one hundred percent accuracy." (*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,

21   1117 (9th Cir. 2004).)  Instead, in measuring the amount in controversy, the Court must "assume

22   that the allegations of the complaint are true and assume that a jury [will] return[] a verdict for the

23   plaintiff on all claims made in the complaint." (*Jackson v. American Bankers Ins. Co. of Florida*,

24   976 F. Supp. 1450, 1454 (S.D. Ala. 1997); see, *Kenneth Rothschild Trust*, *supra*,  199 F. Supp. 2d

25   at 1001; see also, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (observing the

26   amount in controversy analysis presumes that "plaintiff prevails on liability").)

27   6.    The determination of citizenship for diversity purposes is governed by federal rather

28   than state law. (*Rockwell Int'l Credit Corp. v. Unites States Aircraft Ins. Group*, 823 F.2d 302,

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  304 (9th Cir. 1987), overruled on other grounds, *Partington v. Gedan*, 923 F.2d 686 (9th Cir.

2  1991).)  In determining whether diversity of citizenship exists, only the named defendants are

3  considered. (*Newcombe v. Adolf Coors Co*., 157 F3d 686, 690–691 (9th Cir. 1998).)  The

4  citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded

5  for diversity jurisdiction purposes. (28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc*. 311 F.3d

6  966, 971 (9th Cir. 2002).)  For diversity purposes, "a corporation shall be deemed a citizen of any

7  State by which it has been incorporated and of the State where it has its principal place of

8  business." (28 U.S.C. § 1332(c)(1).)

9       7.      "In determining whether removal is proper, a court may consider any evidence so

10  long as it reveals the situation that existed when the case was removed." (*Corbelle v. Sanyo Elec.

11  Trading Co., Ltd*., 2003 U.S. Dist. LEXIS 20339 (N.D. Cal. Nov. 4, 2003).)  For that reason, the

12  court's inquiry into the citizenship of the parties and the amount in controversy is not confined to

13  the face of the complaint. (*Valdez, supra*, 372 F.3d at 1117.)  In addition to the complaint, the

14  district court may properly consider "facts in the removal petition" as well as "summary-

15  judgment-type evidence relevant to the amount in controversy at the time of removal." (*Singer v.

16  State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997); see, *White v. FCI USA, Inc*.,

17  319 F.3d 672, 675 (5th Cir. 2003); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.

18  2001).)

19       8.      The District Court has original jurisdiction over this civil action under 28 U.S.C.

20  Section 1332.  The amount in controversy exceeds $75,000, exclusive of interests and costs,

21  based on the contract and tort damages to which Plaintiffs allege they are entitled to recover

22  under California law.  In addition, complete diversity exists between the only parties in this

23  action, Plaintiffs and Safeco.

24       9.      In their Complaint, Plaintiffs seek general damages, emotional distress damages, and

25  punitive and exemplary damages under California Civil Code Section 3294. (Complaint ¶¶ 38-

26  39, Prayer for Relief.)  The substantive law of California applies to this diversity action. (*Aceves

27  v. Allstate Ins. Co*., 68 F.3d 1160, 1163 (9th Cir. 1995).)

28  ///

10.    All of the causes of action alleged against Safeco arise from the partial denial of Plaintiffs' first-party claim for loss under an insurance policy covering the rental property located at 36955 Nutmeg Court, Newark, California 94560.  To recover damages for breach of contract under California law, Plaintiffs must plead and prove (1) the existence of an insurance contract between Plaintiffs and Safeco, (2) their performance or excuse for nonperformance, (3) Safeco's breach of that contract, and (4) damage to Plaintiffs as a result of Safeco's alleged breach. (*Mammoth Lakes Land Acquisition, LLC v. Town of Mammoth Lakes,* 191 Cal.App.4th 435, 463 (2010).)  In the first party insurance context, the insured's primary contractual right is to receive benefits due under the policy. (*Benavides v. State Farm General Ins. Co.*, 136 Cal.App.4th 1241, 1249 (2006).)  Here, Plaintiffs, on the face of the Complaint, allege that they are entitled to recover insurance benefits in the amount of $206,075.00. (Complaint, ¶¶ 30, 33, Prayer for Relief.)

11.    To establish that an insurer has breached the implied covenant of good faith and fair dealing, "an insured must show first, that benefits were due under the policy, and second, that the benefits were withheld without proper cause." (*Benavides, supra,* 136 Cal.App.4th at 1250.) Should they prevail, Plaintiffs will be able to recover tort damages for emotional distress, along with punitive damages to the extent they can establish that Safeco was guilty of oppression, fraud, or malice by clear and convincing evidence. (Cal. Civ. Code §3294(a); *Richmond*, *supra*, 897 F. Supp. at 450; see, e.g., *Hangarter*, *supra*, 373 F.3d at 1014 (upholding award of punitive damages of $5,000,000 for punitive damages -- a 2.6:1 ratio of punitive damages to compensatory damages -- in an insurance bad faith action.)  Accordingly, Plaintiffs' claim for punitive damages is included in determining the amount in controversy precisely because punitive damages are potentially recoverable as part of their tort cause of action. (*Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).)

12.    These circumstances compel the conclusion that it is "facially apparent" from the Complaint that Plaintiff's claims are in excess of the $75,000 federal jurisdictional threshold. (See, e.g., *White v. FCI USA, Inc.*, 319 F3d 672, 674 (5th Cir. 2003).)

///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

PETITION FOR REMOVAL
CASE NO:

13.   There is complete diversity of citizenship between the real parties in interest in this case, Plaintiff and Safeco.  Plaintiff is a citizen of the State of California. (Complaint ¶ 1.) Plaintiffs contend that Safeco is a citizen of the State of New Hampshire. (Complaint ¶ 3.) Moreover, while not alleged, the principal place of business for Safeco is Boston, Massachusetts, where its high level officers that direct, control, and coordinate its activities are located.  Further, although the Complaint names "Does 1 through 20" as defendants in this action, Safeco has no obligation to disclose the identity of Doe defendants before discovery, (*Newcombe v. Adolf Coors, Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998), or to negate the existence of a potential defendant whose presence would destroy diversity. (*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).)  Therefore, inclusion of "Doe" defendants in the Complaint does not prevent the removal of this action from state court. (28 U.S.C. § 1441(a); *Newcombe, supra*, 157 F.3d at 690-91.)

14.   Thus, this action may be removed to this Court by Safeco pursuant to 28 U.S.C. § 1441, subdivision (b), because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiffs and Safeco under 28 U.S.C. §1332 (a)(1)(c)(1).

15.   A true and correct copy of this Petition shall be contemporaneously filed in the office of the clerk for the Superior Court of Alameda County.

Dated:  September 20, 2018                    ROPERS, MAJESKI, KOHN & BENTLEY


By: /s/ Blake J. Russum
    BLAKE J. RUSSUM
    Attorneys for Defendant
    SAFECO INSURANCE COMPANY OF
    AMERICA

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1
2
3 **<u>DEMAND FOR JURY TRIAL</u>**

4    Defendant SAFECO INSURANCE COMPANY OF AMERICA hereby demands a trial

5 by jury pursuant to Rule 38, subdivision (a) of the Federal Rules of Civil Procedure.

6 Dated:  September 20, 2018                         ROPERS, MAJESKI, KOHN & BENTLEY

7
8                                                             By: /s/ *Blake J. Russum*
9                                                                  BLAKE J. RUSSUM
                                                                     Attorneys for Defendant
10                                                                 SAFECO INSURANCE COMPANY OF
                                                                     AMERICA
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

4814-6938-8145.2                    - 6 -                        PETITION FOR REMOVAL
                                                                          CASE NO:

EXHIBIT "A"



# Notice of Service of Process

NJP / ALL
Transmittal Number: 18599161
Date Processed: 08/22/2018

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of America<br>Entity ID Number  2781189 |
| **Entity Served:** | Safeco Insurance Company of America |
| **Title of Action:** | Joginder S. Sidhu vs. Safeco Insurance Company of America |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | HG18917144 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/21/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Joginder S. Sidhu<br>510-490-7913 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SAFECO INSURANCE COMPANY OF AMERICA, a corporation;
and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOGINDER S. SIDHU and HARMINDER SIDHU

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
>
> ENDORSED
> FILED
> ALAMEDA COUNTY
>
> AUG 1 7 2018
>
> CLERK OF THE SUPERIOR COURT
> By M. Williams
> Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court, County of Alameda<br>24405 Amador Street, Hayward, CA 94544 | CASE NUMBER:<br>*(Número del Caso):* RG18917144 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joginder S. Sidhu and Harminder Sidhu, 44793 Aguila Terrace, Fremont, CA 94539. 510-490-7913

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* AUG 1 7 2018 | Chad Finke | Clerk, by M. Williams<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Safeco Insurance Company of America, a Corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joginder S. Sidhu and Harminder Sidhu<br>44793 Aguila Terrace<br>Fremont, CA 94539 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 510-490-7913    FAX NO.:<br>ATTORNEY FOR *(Name):* In Propria Persona | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>AUG 1 7 2018<br><br>CLERK OF THE SUPERIOR COURT<br>By M. Williams<br>Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF A:AMEDA<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Hayward, CA 94544<br>BRANCH NAME: Hayward Hall of Justice | |

| CASE NAME:<br>JOGINDER S. SIDHU et. al. vs. SAFECO INSURANCE CO. et. al. |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER<br>HG 1 8 9 1 7 1 4 4 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [✓] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* Three
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 17, 2018
Joginder S. Sidhu; Harminder Sidhu
(TYPE OR PRINT NAME)                    ► J.S. Sidhu / H. Sidhu
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                                    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Joginder S. Sidhu
Harminder Sidhu
44793 Aguila Terrace
Fremont, CA 94539
TEL: 510-490-7913

Plaintiffs In Propria Persona

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 7 2018

CLERK OF THE SUPERIOR COURT
By **M. Williams**

Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA

Joginder S. Sidhu and Harminder Sidhu,

　　　　　　　　　Plaintiffs,

vs.

Safeco Insurance Company of America, a corpor-
ation; and DOES 1-20, inclusive,

　　　　　　　　　Defendants.

Case No. HG18917144

COMPLAINT FOR BREACH OF
CONTRACT; BREACH OF
IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING; BAD
FAITH DENIAL OF INSURANCE
COVERAGE

Plaintiffs Joginder S. Sidhu and Harminder Sidhu, complain of defendants and allege as follows:

## GENERAL ALLEGATIONS

1.　Plaintiff Joginder S. Sidhu is a natural person with his principal place of residence in Alameda County, California. Plaintiff Harminder Sidhu is a natural person with her principal place of residence in Alameda County, California.

2. Plaintiffs jointly own and operate a rental property located at 36955 Nutmeg Court, Newark, California 94560, in Alameda County.

3. Plaintiffs are informed and believe that Defendant Safeco Insurance Company of America, is a corporation with its principal place of business in New Hampshire which at all times mentioned herein did business within the State of California.

4.　The true names and capacities of defendants sued as Does are unknown to plaintiff.

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; ETC., p. 1

1     5.   This action is not subject to California Civil Code Sections 1812.10 and 2984.4.

2     6.   This action is filed in this county and in this judicial district because the contract sued

3  upon herein was made in this county and judicial district: the contract was made in the city of Fremont,

4  county of Alameda, State of California. This action is also filed in this county because the subject matter

5  of the contract sued upon is real estate which is located in the county of Alameda.

6     7.   At all times mentioned herein, each defendant was the agent and servant of every other

7  defendant, acting within the course and scope of said agency and employment.

8                          FIRST CAUSE OF ACTION

9                        (Damages for Breach of Contract)

10    8.   Plaintiffs replead and reallege the allegations of paragraphs 1 through 7, inclusive, of the

11  General Allegations, as though fully set forth herein and incorporates them herein by reference.

12    9. A written agreement was reached between plaintiffs and defendants, and each of them, in

13  Alameda County, California, under which defendant Safeco Insurance Company of America (hereafter

14  "Safeco") would provide property insurance coverage to plaintiffs with respect to their rental property

15  located at 36955 Nutmeg Court, Newark, California 94560 (hereafter "the rental property").

16    10. The written insurance agreement was initially issued in approximately 2008.  The policy

17  number of the policy was OA3719500.  A true and accurate copy of the policy (hereafter "the policy")

18  is attached hereto as Exhibit A.

19    11. Plaintiffs renewed the policy every year subsequent to the initial year of issuance and paid

20  all premiums due on said policy.

21    12. Among the items expressly covered  under the policy under Coverage A - Dwelling are:

22        1. the dwelling on the Described Location shown in the Declarations, used principally for

23  dwelling purposes;

24            2. structures attached to the dwelling other than fences, patios, driveways or walkways;

25            3.  attached carpeting, built-in appliances, fixtures ...   [Exhibit A, Policy, p. 1]

26    13. Among the items expressly covered  under the policy under Coverage D - Loss of Rent,

27  Rental Value and Additional Living Expense  are:

28

1        1. Loss of Rent, meaning loss of rental income to you from that part of the Described

2    Location rented at the time of the loss, less any expenses that do not continue while that part of the

3    Described Location rented is uninhabitable.

4        2. Rental Value, meaning loss of rental income due to delay in occupancy of that part of

5    the Described Location held for rental if there is no tenant, or legal obligation for rent, or lease, by a

6    tenant, at the time of the loss. ...  [Exhibit A, Policy, p. 3]

7        14. The policy states that covered losses are settled by paying "the full cost of repair or

8    replacement, without deduction for depreciation ..." .  [Exhibit A, Policy, p. 11]

9        15. On or about October 20, 2016, vandals caused extensive damage to the rental property. The

10   damage was primarily to the interior of the rental property. Plaintiffs are informed and believe, but have

11   no personal knowledge, that it was their tenants who caused the damage to the rental property.

12       16. Damage was done to the walls, floors, kitchen cabinets, doors, countertops, trim items,

13   toilet bowls and other items.  The damaged portions of the rental property contained indentations or

14   impressions consistent with force applied with a hammer.  Plaintiffs are of the view that the damage

15   was so extensive as to render the rental property unrentable.

16       17. The policy provides that "No action shall be brought unless ... the action is started within

17   one year after the inception of the loss or damage." .  [Exhibit A, Policy, General Conditions, Item 10,

18   p. 13]

19       18. Plaintiffs allege that defendants and each of them have waived the time limitation of Item

20   10 of the General Conditions of the Policy. The waiver has consisted of acts and statements of

21   defendants which occurred after the one year limitation specified at Item 10 passed. An example is a

22   letter dated November 6, 2017, attached hereto as Exhibit B.

23       19. Plaintiffs further allege that Item 10 of the General Conditions of the Policy is void as

24   contrary to public policy in that it sets a different time period for filing suit from the four-year period

25   specified by the Legislature for suit involving breach of written contract at Code of Civil Procedure,

26   Section 337(1).

27       20. Plaintiffs have received no rental income from the rental property since September of 2016

28   COMPLAINT FOR BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; ETC., p. 3

1  due to the property being unrentable and having no tenants in it.

2       21. Plaintiffs notified the police department of the City of Newark about the damage on

3  October 20, 2016.

4       22. Plaintiffs notified Safeco of the incident on or about October 20, 2016. A claim number

5  was assigned to the matter: Claim No. 782444936002.

6       23. Defendant Safeco had an adjuster examine the damage at the rental property.

7       24. A check from Safeco in the amount of $34,755.67 arrived at the residence of plaintiffs on

8  or about November 15, 2016.  There was no explanation with the check of what the payment covered

9  or how the amount was arrived at, or whether any exceptions or exclusions in the policy had an effect

10  on the amount of the check.

11       25. Numerous discussions and communications took place between plaintiffs and defendant

12  Safeco regarding Claim No. 782444936002.  Ultimately, defendant Safeco denied coverage for the

13  damage to the kitchen cabinets, the kitchen countertop, and numerous incidental items.  The reason

14  given by defendants for the denial of coverage was that these items had "normal wear and tear."

15  Plaintiffs allege that damage to kitchen cabinets, countertops and other items caused by angry humans

16  smashing them with hammers does not constitute normal wear and tear.

17       26. Defendants did make some payments to plaintiffs based on loss of rental income, in the

18  total amount of $16,000.00.  The rental rate for the property at the time of the vandalism incident was

19  $8,000.00 per month.  Thus, the payments made by defendants for loss of rent amount to two months

20  of lost rent.

21       27. Discussions / negotiations between plaintiffs and Defendants, and each of them, continued

22  until July 17, 2018.

23       28. Plaintiffs have performed all acts on their part to be performed under the insurance policy

24  referenced above.

25       29. Defendants, and each of them, breached the insurance agreement attached hereto as Exhibit

26  A on November 12, 2016, by failing to pay the correct amount for damage to the dwelling and structures

27  attached to the dwelling, as set forth in Coverage A.

28    COMPLAINT FOR BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; ETC., p. 4

1     30. Plaintiffs have suffered damages caused by the breach of defendants as set forth in

2  paragraph 28 above, in the sum of $46,075.00. This figure is after allowing for payments already made

3  by defendants under Coverage A.

4     31. Plaintiffs are entitled to interest on the damages shown in paragraph 30 above from and

5  after November 12, 2016, at the rate provided by law.

6     32. Defendants, and each of them, further breached the insurance agreement attached hereto

7  as Exhibit A on December 13, 2016, and in succeeding months, by failing to pay the correct amount

8  for damage for loss of rental income, as set forth in Coverage D.

9     33. Plaintiffs have suffered damages caused by the breach of defendants as set forth in

10  paragraph 32 above, in the sum of $160,000.00. This figure is after allowing for payments already made

11  by defendants under Coverage D.

12     34. Plaintiffs are entitled to interest on the damages shown in paragraph 33 above from and

13  after December 20, 2016, at the rate provided by law.

14  WHEREFORE, plaintiffs pray for judgment against defendants as set forth infra.

15                           SECOND CAUSE OF ACTION

16               (Breach of Implied Covenant of Good Faith and Fair Dealing)

17     35. Plaintiffs replead and reallege the allegations of paragraphs 1 through 7 of the General

18  Allegations, and 8 through 34 of the First Cause of Action, inclusive, as though fully set forth herein

19  and incorporates them herein by reference.

20     36. Implied in the insurance agreement set forth at Exhibit A was a covenant by Defendant

21  Safeco that it would act in good faith and deal fairly with Plaintiffs  and that it would do nothing to

22  deprive Plaintiffs of the benefits of the agreement.

23     37. The breaches on the part of Defendant Safeco described in paragraphs 25, 26, 29 and 32

24  above were in bad faith and in violation of the implied covenant of good faith and fair dealing  in that

25  the denials of coverage as requested by plaintiffs under coverages A and D of the policy were in direct

26  violation of the provisions of the policy.

27     38. As a proximate result of the breach of defendant Safeco of  the covenant of good faith and

28  COMPLAINT FOR BREACH OF CONTRACT: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING: ETC., p. 5

1 │ fair dealing, Plaintiffs have suffered and continue to suffer substantial losses in earnings, which they

2 │ would have received had defendants not violated the covenant of good faith and fair dealing. Plaintiffs

3 │ have also suffered and continue to suffer humiliation, embarrassment, mental and emotional distress,

4 │ and discomfort, all to Plaintiffs' damage in an amount not yet ascertained. Plaintiff will seek leave to

5 │ amend this Complaint to insert the amount when it is ascertained, or according to proof at trial.

6 │    39. The acts of defendants, and each of them, as aforementioned, were malicious, fraudulent

7 │ and oppressive as defined in Civil Code Section 3294, and as set forth in paragraph 25, 26, 29, and 32,

8 │ above, and plaintiff should recover, in addition to actual damages, damages to make an example and

9 │ to punish defendant Safeco. In particular, the malicious and fraudulent conduct of defendants with

10 │ respect to the breach described in paragraph 29 herein was in denying the claim for damage to the

11 │ kitchen and countertop by asserting that they had only normal wear and tear when in fact there was clear

12 │ evidence of damage caused by a blunt instrument, such as a hammer. Further in particular, the

13 │ malicious and fraudulent conduct of defendant Safeco with respect to the breach described in paragraph

14 │ 32 herein was in denying the claim for damage for loss of rent and loss of rental value, by paying for

15 │ only two months' worth of such loss of rent and loss of rental value, when the facts were clear that

16 │ plaintiffs suffered loss of rent and loss of rental value occasioned by the facts described in paragraphs

17 │ 15 and 16 above for many more than two months.

18 │ WHEREFORE, plaintiffs pray for judgment against defendants as set forth infra.

19 │                    THIRD CAUSE OF ACTION

20 │                 (Bad Faith Denial of Insurance Coverage)

21 │    40. Plaintiffs replead and reallege the allegations of paragraphs 1 through 7 of the General

22 │ Allegations, and 8 through 34 of the First Cause of Action, and 35 through 39 of the Second Cause of

23 │ Action, inclusive, as though fully set forth herein and incorporates them herein by reference.

24 │    41. Defendant Safeco acted unreasonably, that is, without proper cause, by failing to conduct

25 │ a proper investigation of plaintiffs' claim.

26 │    42. Plaintiffs suffered a loss covered under an insurance policy issued by defendant Safeco.

27 │ The insurance policy is discussed at paragraph 10 above. The losses suffered by plaintiffs are discussed

28 │ COMPLAINT FOR BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; ETC., p. 6

1     at paragraphs 29 and 32 above.

2        43.  Plaintiffs properly presented a claim to defendant Safeco to be compensated for the loss.

3        44.  Defendant Safeco failed to conduct a full, fair, prompt, and thorough investigation of all

4     of the bases of plaintiffs' claims.

5        45.  Plaintiffs were harmed as a result of events described in paragraphs 15 and 16 above.

6        46.  Defendant Safeco's failure to properly investigate the claim was a substantial factor in

7     causing plaintiffs' harm.

8        47.  When investigating plaintiffs' claim, defendant Safeco had a duty to diligently search for

9     and consider evidence that supported coverage of the claimed loss.

10        48.  The acts of defendants, and each of them, as set forth herein and above at paragraphs 25,

11     26, 29, and 32, constitute bad faith denial of insurance coverage.

12        49.  Plaintiffs have suffered damages caused by the bad faith denial of insurance of defendant

13     Safeco as set forth at paragraphs  25, 26, 29, and 32 above.  The damages suffered are set forth at

14     paragraphs 30 and 33 above.

15        50.  Plaintiffs have requested defendant Safeco on numerous occasions to honor its insurance

16     policy and to pay the claims consistent with the evidence of damage that plaintiffs have submitted to

17     Safeco.  Defendant Safeco has refused, and continues to refuse, to pay the full extent of damages that

18     plaintiff has suffered despite plaintiff's providing ample evidence of such damages sustained.

19        51.  The acts of defendants, and each of them, as aforementioned, were malicious, fraudulent

20     and oppressive as defined in Civil Code Section 3294, and as set forth in paragraph 25, 26, 29, and 32,

21     above, and plaintiff should recover, in addition to actual damages, damages to make an example and

22     to punish defendant Safeco. In particular, the malicious and fraudulent conduct of defendants with

23     respect to the breach described in paragraph 29 herein was in denying the claim for damage to the

24     kitchen and countertop by asserting that they had only normal wear and tear when in fact there was clear

25     evidence of damage caused by a blunt instrument, such as a hammer.  Further in particular, the

26     malicious and fraudulent conduct of defendant Safeco with respect to the breach described in paragraph

27     32 herein was in denying the claim for damage for loss of rent and loss of rental value, by paying for

28     COMPLAINT FOR BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; ETC., p. 7

1   only two months' worth of such loss of rent and loss of rental value, when the facts were clear that

2   plaintiffs suffered loss of rent and loss of rental value occasioned by the facts described in paragraphs

3   15 and 16 above for many more than two months.

4   WHEREFORE, Plaintiffs pray for Judgment against Defendants, and each of them, as follows:

5   ON ALL CAUSES OF ACTION:

6   1. For principal damages in the amount of $206,075 ($46,075.00 + $160,000.00);

7   2.   (a) For interest on the principal sum of $46,075.00 at the rate provided by law from and

8   after November 12, 2016;

9   (b) For interest on the principal sum of $160,000.00 at the rate provided by law from and

10   after December 20, 2016;

11   3. For costs of suit herein incurred;

12   4. For such other and further relief as the court may deem proper.

13   ON THE SECOND AND THIRD CAUSES OF ACTION

14   1. For exemplary damages in an amount to be proved at trial.

15   Dated:   08-17-2018                          Ə. S. Sidhu

16                                               Joginder S. Sidhu
                                                Plaintiff in Propria Persona

17

18   Dated:   8-17-2018                          H. Sidhu

19                                               Harminder Sidhu
                                                Plaintiff in Propria Persona

20

21

22

23

24

25

26

27

28